**NOT FOR PUBLICATION**

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

|  |  |  |
|---|---|---|
| JOSE RIBALTA, | : | **Hon. Faith S. Hochberg** |
|  | : |  |
| Plaintiff, | : | Civil No. 06-4744 (FSH) |
| v. | : |  |
|  | : |  |
| ADAM HUGHES, et al., | : | **OPINION** |
|  | : |  |
| Defendants. | : |  |

**APPEARANCES**:

> JOSE RIBALTA, #749237B, <u>Pro Se</u>
> Bayside State Prison
> P.O. Box F-1
> Leesburg, New Jersey  08327

**HOCHBERG**, District Judge

Plaintiff Jose Ribalta, a prisoner at Bayside State Prison, seeks to file a Complaint <u>in forma pauperis</u> pursuant to 28 U.S.C. § 1915.  This Court (1) grants Plaintiff's application to proceed <u>in forma pauperis</u>; (2) directs the Clerk to file the Complaint; (3) assesses a $350.00 filing fee; (4) directs the New Jersey Department of Corrections to deduct an initial partial filing fee from Plaintiff's prison account, when funds exist, and forward it to the Clerk of the Court; and (5) directs the New Jersey Department of Corrections to forward payments from Plaintiff's prison account to the Clerk each subsequent month that the amount in the account exceeds $10.00, until the total of $350.00 is paid in full.  <u>See</u> 28 U.S.C. § 1915(a), (b).  The Court has reviewed the Complaint for dismissal pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A, and concludes that dismissal of the Complaint is required.

## I.  BACKGROUND

Plaintiff seeks damages for the alleged violation of his constitutional rights by the Office of the Public Defender for the State of New Jersey and Adam Hughes, employed by the Public Defender's Office as an attorney.  He asserts the following facts in support of his claim, which this Court is required to accept at face value for the purposes of this review.  Plaintiff asserts that in 2004 the Union County Office of the Public Defender assigned Adam Hughes to represent Plaintiff in a criminal proceeding in the Superior Court of New Jersey, Union County.  Plaintiff asserts that Hughes failed to comply with the judge's order that Hughes file a certain form with respect to Plaintiff's plea agreement.  Plaintiff maintains that the filing of this form would have reduced the term of his sentence of incarceration by one year.  In addition, Plaintiff alleges that in 2006 Plaintiff found out that Hughes was not licensed to practice law in the State of New Jersey.  Plaintiff further alleges that Defendants were acting under color of state law.  He seeks compensatory and punitive damages against Hughes and the Office of the Public Defender for violation of his constitutional rights, as well as rights arising under New Jersey law.

## II.  LEGAL STANDARD

The in forma pauperis statute, as amended by the Prison Litigation Reform Act ("PLRA"), Pub. L. No. 104-134, §§ 801-810, 110 Stat. 1321-66 to 1321-77 (April 26, 1996), requires the Court, prior to docketing or as soon as practicable after docketing, to review a complaint in a civil action in which a plaintiff is proceeding in forma pauperis or a prisoner seeks redress against a governmental employee or entity.  See 28 U.S.C. §§ 1915(e)(2)(B), 1915A.  The PLRA requires the Court to sua sponte dismiss any claim if the Court determines that it is

frivolous, malicious, fails to state a claim on which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief.  Id.

A pro se complaint is held to less stringent standards than formal pleadings drafted by lawyers.  See Haines v. Kerner, 404 U.S. 519, 520 (1972).  A claim is frivolous if it "lacks even an arguable basis in law" or its factual allegations describe "fantastic or delusional scenarios." Neitzke v. Williams, 490 U.S. 319, 328 (1989); see also Roman v. Jeffes, 904 F.2d 192, 194 (3d Cir. 1990).  "Given the Federal Rules' simplified standard for pleading, '[a] court may dismiss a complaint only if it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations."  Swierkiewicz v. Sorema N.A., 534 U.S. 506, 514 (2002) (quoting Hishon v. King & Spalding, 467 U.S. 69, 73 (1984)); see also Alston v. Parker, 363 F.3d 229, 233 n.6 (3d Cir. 2004).

### III.  DISCUSSION

A.  Federal Claims

Federal courts are courts of limited jurisdiction.  See Mansfield, C. & L. M. Ry. Co. v. Swan, 111 U.S. 379, 383 (1884).  "[T]hey have only the power that is authorized by Article III of the Constitution and the statutes enacted by Congress pursuant thereto."  Bender v. Williamsport Area School Dist., 475 U.S. 534, 541 (1986).  A district court may exercise jurisdiction over "Cases, in Law and Equity, arising under this Constitution, the Laws of the United States, and Treaties made, or which shall be made, under their authority."  U.S. Const. art. III., § 2; see also 28 U.S.C. § 1331.

Section 1983 of Title 42 of the United States Code authorizes a person such as Plaintiff to seek redress for a violation of his federal civil rights by a person who was acting under color of state law.  Section 1983 provides in relevant part:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory . . . subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

42 U.S.C. § 1983.

To state a claim under § 1983, a plaintiff "must indicate:  (1) of what constitutional or federal right he was deprived, and (2) how he was deprived of that right under color of state law." Gibson v. Superintendent of N.J. Dept. of Law and Public Safety, 411 F.3d 427, 433 (3d Cir. 2005); see also West v. Atkins, 487 U.S. 42, 48 (1988); Adickes v. S.H. Kress & Co., 398 U.S. 144, 152 (1970).

In this case, the Court construes Plaintiff's Complaint as attempting to assert violation of his Sixth Amendment right to the effective assistance of counsel, applicable through the Fourteenth Amendment of the United States Constitution.[1]  In essence, Plaintiff complains that he was denied counsel because Hughes was not a licensed attorney and that he was denied the

---

[1] A public defender, although paid and ultimately supervised by the state, does not act under color of state law when performing the traditional functions of counsel to a criminal defendant.  See Polk County v. Dodson, 454 U.S. 312 (1981).  However, this Court will not dismiss Plaintiff's federal claims for lack of state action because Plaintiff asserts in the Complaint that Defendants were acting under color of state law.  See Alston, 363 F.3d at 233-34 (nothing more is required in civil rights actions than the notice pleading requirement of Rule 8 of the Federal Rules of Civil Procedure).

effective assistance of counsel by Hugh's failure to file the form, which the trial judge ordered counsel to file and which would have reduced Plaintiff's sentence of incarceration by one year.

The Supreme Court held in Heck v. Humphrey, 512 U.S. 477, 486 (1994), that, "when a state prisoner seeks damages in a § 1983 suit, the district court must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated." Id.  The Heck Court further held that, "in order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus." Id. at 486-87.  In explaining its holding, the court noted that, "[e]ven a prisoner who has fully exhausted available state remedies has no cause of action under § 1983 unless and until the conviction or sentence is reversed, expunged, invalidated, or impugned by the grant of a writ of habeas corpus." Id. at 489.

Recently, the Supreme Court explained in Wilkinson v. Dotson, 544 U.S. 74, 81-82 (2005), that,

> a state prisoner's § 1983 action is barred (absent prior invalidation)
> - no matter the relief sought (damages or equitable relief), no
> matter the target of the prisoner's suit (state conduct leading to
> conviction or internal prison proceedings) - *if* success in that action
> would necessarily demonstrate the invalidity of the confinement or
> its duration.

Id. at 81-82 (emphasis in original); see also  Williams v. Consovoy, 453 F.3d 173, 177 (3d Cir. 2006).

If Plaintiff were to establish that his unlicensed public defender violated his right to counsel under the Sixth and Fourteenth Amendments by failing to comply with the trial court's order to file a form, and thereby causing Plaintiff's sentence to be increased by one year, then Plaintiff's sentence would be invalid.  See Strickland v. Washington, 466 U.S. 668, 686 (1984) (the right to counsel is the right to the effective assistance of counsel, and counsel can deprive a defendant of the right by failing to render adequate legal assistance).  Because Plaintiff does not assert that his sentence has been overturned or invalidated in the New Jersey courts, or called into question by a federal court's issuance of a writ of habeas corpus, Plaintiff's federal claims have not accrued and this Court will dismiss them without prejudice.

B.  Claims Arising Under State Law

"Supplemental jurisdiction allows federal courts to hear and decide state-law claims along with federal-law claims when they are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy."  Wisconsin Dept. of Corrections v. Schacht, 524 U.S. 381, 387 (1998) (citation and internal quotation marks omitted).  Where a district court has original jurisdiction pursuant to 28 U.S.C. § 1331 over federal claims and supplemental jurisdiction over state claims pursuant to 28 U.S.C. § 1367(a), the district court has discretion to decline to exercise supplemental jurisdiction if it has dismissed all claims over which it has original jurisdiction.  28 U.S.C. § 1367(c)(3); Growth Horizons, Inc. v. Delaware County, Pennsylvania, 983 F.2d 1277, 1284-1285 (3d Cir. 1993).  In exercising its discretion, "the district court should take into account generally accepted principles of 'judicial economy,

6

convenience, and fairness to the litigants.'"  <u>Growth Horizons, Inc.</u>, 983 F.2d at 1284 (quoting

<u>United Mine Workers v. Gibbs</u>, 383 U.S. 715, 726 (1966)).  Where the federal claims are

dismissed at an early stage in the litigation, courts generally decline to exercise supplemental

jurisdiction over state claims.  <u>United Mine Workers v. Gibbs</u>, 383 U.S. at 726;  <u>Growth</u>

<u>Horizons, Inc.</u>, 983 F.2d at 1284-1285.

     In this case, the Court is dismissing every claim over which it had original subject matter

jurisdiction at an early stage in the litigation, and declines to exercise supplemental jurisdiction

over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367(c)(3).

### IV.  CONCLUSION

     The Court grants <u>in forma pauperis</u> status, dismisses the Complaint without prejudice,

and declines to exercise supplemental jurisdiction over claims arising under State law.

    /s/ Faith S. Hochberg        
**FAITH S. HOCHBERG, U.S.D.J.**

Dated:  October 24 , 2006

7